IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| Thomas Hobbs, | Civil Action No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** <br> **JURY TRIAL DEMANDED** |
| UNITED STATES OF AMERICA, | NON-HODGKIN'S LYMPHOMA |
| Defendant. | |

## INTRODUCTION

Plaintiff Thomas Hobbs files this Complaint against Defendant UNITED STATES OF AMERICA ("Defendant"). This Complaint alleges a federal cause of action and is brought pursuant to Section 804(b) of the Camp Lejeune Justice Act, Pub. L. No. 117-168, Tit. VIII, § 804, 136 Stat. 1802 (hereinafter "the Act"). Plaintiff alleges the following:

1. For decades, the water at Marine Corps Base Camp Lejeune ("Camp Lejeune") was contaminated with toxins known to cause cancer and a host of other chronic—often deadly—diseases and conditions.

2. Thousands of servicemembers, family members, and civilians were exposed to the toxic water at Camp Lejeune.

3. Defendant and its agents and employees failed to ensure that the men and women who were willing to lay their lives on the line for our nation and civilian employees or contractors and their families were not exposed to toxins in the water in violation of governing orders and despite studies, warnings, surveys, recommendations, and other inquiries regarding the water at Camp Lejeune undertaken by or on behalf of relevant federal and state officials.

4. Tens of thousands of servicemembers, family members, and civilians who were at Camp Lejeune between the 1950s and the 1980s have contracted serious diseases and chronic conditions because of their exposure to the contaminated water.

5. At all times relevant, Plaintiff was unable to mitigate his individual damages because of Defendant's failure to warn and refusal to provide its knowledge and information concerning the health consequences of exposure to the contaminants and toxic water to which Plaintiff was exposed.

6. Defendant has now recognized its legal obligation to servicemembers, their families, and civilians who resided at the base during the period in which the water was contaminated. Section 804(b) of the Act establishes a cause of action permitting individuals who were harmed by the contaminated water at Camp Lejeune over the relevant time period to obtain relief in this Court. Specifically, "[a]n individual . . . who resided, worked, or was otherwise exposed (including in utero exposure) for not less than 30 days during the period beginning on August 1, 1953, and ending on December 31, 1987, to water at Camp Lejeune, North Carolina, that was supplied by, or on behalf of, the United States may bring an action in the United States District Court for the Eastern District of North Carolina to obtain appropriate relief for harm that was caused by exposure to the water at Camp Lejeune." *Id.* To meet the burden of proof, a plaintiff need only "produce evidence showing that the relationship between exposure to the water at Camp Lejeune and the harm is . . . sufficient to conclude that a causal relationship is at least as likely as not." Section 804(c)(2) of the Act.

## THE PARTIES, JURISDICTION, AND VENUE

7. Plaintiff is currently a resident of Bridgeport, CT. Between August 1, 1953, and December 31, 1987, Plaintiff resided, worked, or was otherwise exposed for not less than thirty

2

(30) days to water at Camp Lejeune, North Carolina, that was supplied by, or on behalf of, Defendant.

8. Defendant is the party responsible for damages caused by its military service components, including responsibility for the U.S. Navy and U.S. Marine Corps and related facilities such as Camp Lejeune. Defendant has waived its sovereign immunity from suit under Section 804(f) of the Act.

9. This Court has exclusive jurisdiction over any action filed under Section 804(b) of the Act and is the exclusive venue for this action. Section 804(d) of the Act. This Court also has jurisdiction pursuant to 28 U.S.C. § 1331. Moreover, the amount in controversy exceeds $75,000, exclusive of interest and costs.

## CONDITIONS PRECEDENT

10. All conditions precedent to the filing of this action and to Plaintiff's right to the relief sought have occurred, have been performed, or have been excused.

## FACTUAL ALLEGATIONS

11. Established in 1941, Camp Lejeune has long served as a major training facility for the Marine Corps.

12. At all times relevant, Defendant owned, controlled, and/or operated the military base, to include its water supply and distribution system, located at and known as Camp Lejeune, North Carolina.

13. Beginning in the mid-1950s, toxic chemicals from various sources, including unlined landfills and leaking storage tanks, seeped into the soil and groundwater of Camp Lejeune and ultimately contaminated Camp Lejeune's water sources.

14. The contamination of water at Camp Lejeune was so widespread that on November 4, 1989, Camp Lejeune was placed on the Environmental Protection Agency's National Priorities List ("NPL") and declared to be a federal Superfund site because of the hazardous, high-level contamination at the base.

15. In 2017, the Agency for Toxic Substances and Disease Registry ("ATSDR") published its "Assessment of the Evidence for the Drinking Water Contaminants at Camp Lejeune and Specific Cancers and Other Diseases."

16. As part of its mandate, ATSDR completed several epidemiological studies to determine if Marines, Navy personnel, and civilians residing and working on Camp Lejeune were at increased risk for certain health effects because of exposure to water contaminated with volatile organic compounds.

17. ATSDR has published several reports concluding that a causal relationship exists between certain diseases and the contaminants in the Camp Lejeune water supply, or a causal relationship is at least as likely as not for numerous diseases or conditions.

18. Through statutory enactments and regulatory actions, the legislative and executive branches of the federal government have both recognized the link between exposure to Camp Lejeune's contaminated water and a number of serious diseases and conditions.

19. On August 10, 2022, a bipartisan coalition across the legislative and executive branches passed and enacted the Act to finally allow those impacted by the contaminated water to seek redress.

20. Section 804(b) of the Act establishes a new federal cause of action specifically for those affected by the extensive contamination at Camp Lejeune. It provides that:

> an individual, including a veteran (as defined in section 101 of title 38, United States Code), or the legal representative of

such an individual, who resided, worked, or was otherwise exposed (including in utero exposure) for not less than 30 days during the period beginning on August 1, 1953, and ending on December 31, 1987, to water at Camp Lejeune, North Carolina, that was supplied by, or on behalf of, the United States may bring an action in the United States District Court for the Eastern District of North Carolina to obtain appropriate relief for harm that was caused by exposure to the water at Camp Lejeune.

21. The Act "appl[ies] only to a claim arising before the date of enactment of this Act." The statute expressly incorporates the Federal Tort Claims Act's requirement that a claim must be presented to the relevant federal agency before the judicial action may proceed. Section 804(h) of the Act (cross-referencing 28 U.S.C. § 2675). Under that provision, if the federal agency fails to make a final disposition of a claim within six months of its filing, the claim is "deemed" denied, allowing the claimant to file an action in court. 28 U.S.C. § 2675(a).

22. The Act makes clear that a plaintiff may obtain a recovery for a "latent disease." Section 804(e)(1).

23. To meet the burden of proof under the Act, a plaintiff must only "produce evidence showing that the relationship between exposure to the water at Camp Lejeune and the harm is— (A) sufficient to conclude that a causal relationship exists; or (B) sufficient to conclude that a causal relationship is at least as likely as not." Section 804(c)(2).

## COUNT ONE: CAMP LEJEUNE JUSTICE ACT

24. Plaintiff incorporates by reference the allegations of the preceding paragraphs.

25. Plaintiff resided, worked, or was otherwise exposed for not less than thirty (30) days between August 1, 1953 and December 31, 1987, to water at Camp Lejeune, North Carolina, that was supplied by, or on behalf of, Defendant.

26. During this time, Plaintiff was exposed to toxic water supplied by Defendant or its agents at Camp Lejeune.

27. The water supplied to Plaintiff by or on behalf of Defendant was polluted and contaminated as described herein with chemicals, including, but not limited to, trichloroethylene, perchloroethylene, vinyl chloride, and benzene.

28. Plaintiff's exposure to toxic water at Camp Lejeune caused unknown harm to Plaintiff at the time of exposure and continuing thereafter.

29. Subsequently, Plaintiff was diagnosed with Non-Hodgkin's lymphoma on a date before the enactment of the Act, which has resulted in the injuries and damages sought herein.

30. A causal relationship exists between Plaintiff's illness and the contaminants in the Camp Lejeune water supply to which Plaintiff was exposed.

31. The causal relationship is at least as likely as not.

32. On August 10, 2022, Plaintiff filed an administrative claim for compensation with the United States Navy pursuant to 28 U.S.C. § 2675. Subsequently, the Navy denied the claim or the claim was constructively denied pursuant to 28 U.S.C. § 2675(a) because the Navy failed to timely dispose of the claim within six months of the date of filing, thereby satisfying the requirements of the statute.

## CLAIM FOR RELIEF

Plaintiff respectfully requests that, pursuant to Section 804 of the Act, the Court enter judgment against the United States and award damages and all other appropriate relief for the harm to Plaintiff that was caused by exposure to the water at Camp Lejeune.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 804 of the Act.

Dated: February 11, 2023						Respectfully submitted,

						MCGOWAN, HOOD, FELDER & PHILLIPS, LLC


						*s/ James L. Ward, Jr.*
						James L. Ward, Jr. (N.C. Bar No. 24595)
						10 Shem Drive, Suite 300
						Mount Pleasant, SC  29464
						jward@mcgowanhood.com
						Phone: (843) 388-7202
						Fax: (843) 388-3194

						Chad McGowan (N.C. Bar No. 28211)
						1539 Health Care Drive
						Rock Hill, SC  29732
						cmcgowan@mcgowanhood.com
						Phone: (803) 327-7800
						Fax: (803) 230-1192

						ATTORNEYS FOR PLAINTIFF