IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-cv-00040-BO

| | |
|---|---|
| THOMAS HOBBS, | ) |
| Plaintiff, | ) |
| v. | ) UNITED STATES' ANSWER |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

Defendant United States of America ("Defendant" or "USA" or "United States") responds as follows to Plaintiff's Complaint, Dkt. No. 1. All paragraph references are to the Complaint. All allegations not explicitly admitted are denied.

## INTRODUCTION

1. The United States admits that before December 31, 1987, chemicals from sources on or around Camp Lejeune had seeped into the groundwater below Camp Lejeune. The United States denies the remaining allegations in Paragraph 1.

2. The United States admits that between August 1, 1953, and December 31, 1987, men and women working or residing on base drank, cooked with, bathed in, and otherwise came into contact with water sourced from the groundwater below Camp Lejeune. The United States is without knowledge sufficient to admit or deny the number of people who may have come into contact with this water. The United States denies the remaining allegations in Paragraph 2.

1

3. The United States admits that the Marine Corps began a notification effort in 2008, that the Department of the Navy received administrative tort claims for injuries allegedly caused by exposure to Camp Lejeune water, that Department of the Navy denied the administrative claims, that some claimants subsequently filed lawsuits against the United States under the Federal Tort Claims Act in federal court, and that some of those lawsuits were dismissed pursuant to North Carolina law. The United States denies the remaining allegations in Paragraph 3.

4. The United States is without knowledge sufficient to admit or deny the number of people who may have been injured as a result of contact with this water. The United States denies the remaining allegations in Paragraph 4

5. The United States is without knowledge sufficient to admit or deny the allegations in Paragraph 5.

6. The United States admits that, on August 10, 2022, the President signed into law the Honoring our Promise to Address Comprehensive Toxics Act of 2022 ("PACT Act"), Pub. L. No. 117-168, 136 Stat. 1759 (2022). The United States admits that Section 804 of the PACT Act is entitled the Camp Lejeune Justice Act of 2022 ("CLJA") Pub. L. No. 117-168, § 804, 136 Stat. 1802, 1802-04 (2022). The United States admits that CLJA subsection 804(b) states:

> (b) IN GENERAL.—An individual, including a veteran (as defined in section 101 of title 38, United States Code), or the legal representative of such an individual, who resided, worked, or was otherwise exposed (including in utero exposure) for not less than 30 days during the period beginning on August 1, 1953, and ending on December 31, 1987, to water at Camp Lejeune, North Carolina, that was supplied by, or on behalf of, the United States may bring an action in the United States District Court for the Eastern District of North Carolina to obtain appropriate relief for harm that was caused by exposure to the water at Camp Lejeune.

The United States also admits that CLJA subsection 804(c)(2) states:

> (2) STANDARDS.—To meet the burden of proof described in paragraph (1), a party shall produce evidence showing that the relationship between exposure to the water at Camp Lejeune and the harm is—
>
> (A) sufficient to conclude that a causal relationship exists; or
>
> (B) sufficient to conclude that a causal relationship is at least as likely as not.

The United States asserts that the referenced statute speaks for itself and denies the characterizations and remaining allegations in Paragraph 6.

## THE PARTIES, JURISDICTION, AND VENUE

7. The United States is without knowledge sufficient to admit or deny the allegations in Paragraph 7.

8. The United States admits that 28 U.S.C. § 1346(b) provides a limited waiver of sovereign immunity and grant of subject matter jurisdiction for the PACT Act remedy. The United States admits that § 1346(b) permits certain claims for money damages for personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, including members of the United States military service components. The United States denies that the PACT Act §§ 804(b) and (f) itself waived sovereign immunity from suit. The United States admits that section 804(f) of the PACT Act states:

> (f) IMMUNITY LIMITATION.—The United States may not assert any claim to immunity in an action under this section that would otherwise be available under section 2680(a) of title 28, United States Code.

The United States denies the remaining allegations in Paragraph 8.

9. The United States admits that 28 U.S.C. § 1346(b) provides a limited waiver of sovereign immunity and grant of subject matter jurisdiction for the PACT Act remedy. The United States admits that venue lies exclusively in the United States District Court for the Eastern District of North Carolina under the PACT Act § 804(d). The United States is without knowledge sufficient to admit or deny whether the amount in controversy exceeds $75,000, exclusive of interest and costs. The United States denies that PACT Act § 804(d) or 28 U.S.C. § 1331 creates subject matter jurisdiction. The United States denies the remaining allegations in Paragraph 9.

## CONDITIONS PRECEDENT

10. The United States is without knowledge sufficient to admit or deny the allegations in Paragraph 10.

## FACTUAL ALLEGATIONS

11. The United States admits that Marine Corps Base Camp Lejeune was established in 1941 and has been used as a training facility for the United States Marine Corps. The United States denies the remaining allegations in Paragraph 11.

12. The United States admits that between August 1, 1953, and December 31, 1987, it owned, controlled and/or operated the military base, which included on-base wells and water treatment and distribution facilities for military operations, businesses, and residents. The United States denies the remaining allegations in Paragraph 12.

13. The United States admits that the Marine Corps Base Camp Lejeune area included disposal areas, a fuel farm, and an extensive infrastructure to treat and provide water throughout the base. The United States admits that some base disposal areas and operations were sources of chemicals that contaminated the soil and groundwater of Camp Lejeune. The United States is

without knowledge sufficient to admit or deny when chemicals began to seep into the soil and groundwater of Camp Lejeune. The United States denies the remaining allegations in Paragraph 13.

14. The United States admits that the EPA placed Camp Lejeune on the Superfund program's NPL on October 4, 1989. The United States denies the remaining allegations in Paragraph 14.

15. Admit.

16. Admit

17. The United States admits that the ATSDR released a report in January 2017 entitled "ATSDR Assessment of the Evidence for the Drinking Water Contaminants at Camp Lejeune and Specific Cancers and Other Diseases." The United States admits that the purpose of this report was to assess the strength of the evidence supporting causality of adverse health effects from exposures to the drinking water contaminants at Camp Lejeune and that the report concluded there was either "[s]ufficient evidence for causation" or "[e]quipoise and above evidence for causation" for the following diseases with respect to at least one of the chemicals, TCE, PCE, benzene, or vinyl chloride: kidney cancer, non-Hodgkin's lymphoma, multiple myeloma, leukemias, liver cancer, bladder cancer, Parkinson's disease, kidney diseases, systemic sclerosis/scleroderma, and cardiac defects. The United States asserts that the referenced material speaks for itself and denies the characterizations and remaining allegations in Paragraph 17.

18. The United States admits that the U.S. Department of Veterans Affairs has established presumptions of service-connected conditions, for purposes of disability entitlements and health care benefits only, for certain individual who were present at Camp Lejeune for at least 30 cumulative days between August 1953 and December 1987 and subsequently developed

or aggravated one of eight conditions defined by regulation. The United States further admits that the United States Congress passed the Camp Lejeune Justice Act to allow certain individuals the opportunity to file a claim and sue in federal court to obtain appropriate relief for harm that was caused by exposure to the water at Camp Lejeune. The United States denies the remaining allegations in Paragraph 18.

19. The United States admits that, on August 10, 2022, the President signed into law the Honoring our PACT Act of 2022, which incorporates Section 804 the Camp Lejeune Justice Act. The United States is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 19.

20. The United States admits that § 804(b) provides:

> (b) IN GENERAL.—An individual, including a veteran (as defined in section 101 of title 38, United States Code), or the legal representative of such an individual, who resided, worked, or was otherwise exposed (including in utero exposure) for not less than 30 days during the period beginning on August 1, 1953, and ending on December 31, 1987, to water at Camp Lejeune, North Carolina, that was supplied by, or on behalf of, the United States may bring an action in the United States District Court for the Eastern District of North Carolina to obtain appropriate relief for harm that was caused by exposure to the water at Camp Lejeune.

The United States asserts that the referenced statute speaks for itself and denies the characterizations and remaining allegations in Paragraph 20.

21. Admit.

22. The United States admits that the CLJA may permit appropriate relief for harm caused by a latent disease. The United States denies the remaining allegations in Paragraph 22.

23. The United States admits that CLJA subsection 804(c)(2) states:

> (2) STANDARDS.—To meet the burden of proof described in paragraph (1), a party shall produce evidence showing that the

6

relationship between exposure to the water at Camp Lejeune and the harm is—

  (A) sufficient to conclude that a causal relationship exists; or

  (B) sufficient to conclude that a causal relationship is at least as likely as not.

The United States asserts that the referenced statute speaks for itself and denies the characterizations and remaining allegations in Paragraph 23.

## **COUNT ONE: CAMP LEJEUNE JUSTICE ACT**

24. The United States incorporates by reference its responses to the allegations in the corresponding preceding paragraphs.

25. The United States is without knowledge sufficient to admit or deny the allegations in Paragraph 25.

26. The United States is without knowledge sufficient to admit or deny the allegations in Paragraph 26.

27. The United States is without knowledge sufficient to admit or deny the allegations in Paragraph 27.

28. The United States is without knowledge sufficient to admit or deny the allegations in Paragraph 28.

29. The United States is without knowledge sufficient to admit or deny the allegations in Paragraph 29.

30. The United States is without knowledge sufficient to admit or deny the allegations in Paragraph 30.

31. The United States is without knowledge sufficient to admit or deny the allegations in Paragraph 31.

32. The United States is without knowledge sufficient to admit or deny the allegations in Paragraph 32.

## CLAIM FOR RELIEF

The United States is without knowledge sufficient to admit or deny whether Plaintiff is entitled to relief under the Camp Lejeune Justice Act of 2022 ("CLJA") Pub. L. No. 117-168, § 804, 136 Stat. 1802, 1802-04 (2022).

## AFFIRMATIVE DEFENSES

For its affirmative defenses, the United States asserts:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against the United States.

### SECOND AFFIRMATIVE DEFENSE

No act or omission by the United States was the proximate cause of any injury, loss, or damage to Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

The injuries, loss, or damage alleged in Plaintiff's Complaint were proximately caused by the intervening or superseding act or acts of a party or parties, other than an officer, agent, servant, or employee of United States.

### FOURTH AFFIRMATIVE DEFENSE

The United States' liability, if any, is limited to the same manner and to the same extent as a private individual under like circumstances.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, is limited to compensatory damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, is limited to the amount stated in the administrative claim, and any relief requested over and above that amount is barred.

## SEVENTH AFFIRMATIVE DEFENSE

The United States is entitled to a setoff or credit for the amount paid and the value of services rendered to Plaintiff by any disability award, payment, or benefit provided to the individual or legal representative, including but not limited to any award, payment, or benefit provided under any program under the laws administered by the Secretary of Veterans Affairs, under the Medicare program under title XVIII of the Social Security Act, or under the Medicaid program under title XIX of the Social Security Act.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering for services or care which the United States has already paid.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they accrued after August 10, 2022.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to relief for future injury or damages, including medical monitoring, that are not related to an injury accruing before August 10, 2022.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that the evidence shows that Plaintiff voluntarily assumed the risks of the occasion, any recovery is barred by Plaintiff's assumption of risk.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent that the evidence shows that Plaintiff's negligence contributed to the cause of any injury, loss, or damage, any recovery is barred, in whole or in part, by Plaintiff's contributory or comparative negligence.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that the evidence shows that Plaintiff failed to exercise reasonable care and diligence to avoid or lessen the consequences of any injury, loss, or damage, any recovery incident to such failure is barred by Plaintiff's failure to mitigate damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent any injuries, loss, or damage suffered by the Plaintiff are the direct and proximate result of negligence or other fault on the part of third parties, and not of the United States.

## FIFTEENTH AFFIRMATIVE DEFENSE

The United States is entitled to contribution or indemnity from any culpable third parties.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent the evidence shows that Plaintiff's claims arise out of the combatant activities of the Armed Forces, any recovery is barred by the combatant activities exception of the Camp Lejeune Justice Act.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The United States reserves the right to plead and prove additional defenses and affirmative defenses as they become known during discovery and litigation.

Dated: April 28, 2023

Respectfully Submitted,

BRIAN BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

J. PATRICK GLYNN
Director, Torts Branch

BRIDGET BAILEY LIPSCOMB
Assistant Director

ADAM BAIN
Senior Trial Counsel

ELIZABETH PLATT
Trial Attorney

*/s/ Haroon Anwar*
HAROON ANWAR
Indiana Bar No. 29135-53
Trial Attorney, Torts Branch
Environmental Tort Litigation Section
United States Department of Justice
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044
E-mail: haroon.anwar@usdoj.gov
Telephone: 202-305-3661
Fax: 202-616-4473

Attorney inquiries to DOJ regarding CLJA:
(202) 353-4426

11

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2023, a copy of the foregoing document was served on all counsel of record by operation of the court's electronic filing system and can be accessed through that system.

*/s/ Haroon Anwar*

HAROON ANWAR
